# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No. 3-:04-CR-140 (14)**

**CHARLES GOFF, JR.**                                       **Judge Thomas M. Rose**

_____    _____

**ENTRY AND ORDER OVERRULING CHARLES GOFF, JR'S MOTION
TO DISMISS DUE TO DOUBLE JEOPARDY (Doc. #223), MOTION TO
DISMISS DUE TO THE STATUTE OF LIMITATIONS (Doc. #235) AND
MOTION FOR GRAND JURY TESTIMONY AND TO DISMISS DUE TO
MISUSE OF THE GRAND JURY (Doc. #274)**

_____

Now before the Court are three Motions To Dismiss by Defendant Charles Goff, Jr.

("Goff"). The first is a Motion To Dismiss because of double jeopardy. (Doc. # 223.) The second

is a Motion To Dismiss due to the statute of limitations. (Doc. #235.) The third is a Motion To

Dismiss and to release a limited amount of Grand Jury testimony due to misuse of the Grand Jury.

(Doc. #274.)

The Court conducted a hearing on the Motions To Dismiss due to double jeopardy and the

statute of limitations on May 19, 2005. The Government responded in writing to the Motion To

Dismiss due to misuse of the Grand Jury and Goff replied. Goff submitted a Supplemental

Memorandum regarding his Motion To Dismiss because of double jeopardy and his Motion To

Dismiss regarding misuse of Grand Jury testimony. Therefore, all three of Goff's Motions To

Dismiss are now ripe for decision. The relevant factual background will first be set forth followed

by an analysis of each of the Motions To Dismiss.

## FACTUAL BACKGROUND

The relevant factual background begins with a prior case in which Goff was a Defendant. On October 16, 1996, Goff was indicted in this Court in the case of *USA v. Marin-Avila*. Case No. 3-CR-96-097. Goff, along with Juan Carlos Marin-Avila, Mario Dejesus Calderon-Valenzuela and Charles Goff, Sr., was indicted in Count I for allegedly conspiring to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A). Regarding this Count, the Indictment alleges that on or about September 25, 1996, Goff accepted delivery of cocaine for further delivery. Count Four of this Indictment alleges that, on or about September 25, 1996, Goff knowingly and intentionally unlawfully attempted to possess with intent to distribute approximately 39 kilograms of cocaine in violation of 21 U.S.C. §§846 and 841(b)(1)(A).

On September 1, 1998, Goff pled guilty to Count One of the Indictment in *USA v. Marin-Avila*. The United States Attorney agreed to dismiss Count Four of the Indictment. On March 26, 1999, Goff was taken into custody and sentenced to 188 months in prison.

On October 12, 2004, the first Indictment was entered in this case. Goff was identified as a previously convicted co-conspirator but was not named as a Defendant. The first Indictment indicates that previously convicted co-conspirator Goff was an intended recipient of cocaine seized by Ohio State Highway Patrol Troopers on September 25, 1996. The first Indictment also indicates that between about July of 1998 and March of 1999, Goff delivered about ten kilograms of cocaine to named Defendant Earl Marshall. Finally, the first Indictment indicates that Goff purchased a 1999 Plymouth Prowler for just over $45,000 with money allegedly obtained by means of drug trafficking and that, in late March or April of 1999, named Defendant Earl Marshall

advised West End Auto Sales, where the Prowler was being kept, that Goff wanted the Prowler to be sold.

Then, approximately two months later, on December 15, 2004, a Superceding Indictment was filed. The Superceding Indictment added four Defendants, including Goff, and additional counts. This Superceding Indictment named a total of seventeen (17) defendants none of which were previously named in Case No. 3-96-CR-097 except for Goff.

Goff was charged in Count One of the Superceding Indictment with conspiracy to distribute and possess with intent to distribute in excess of one hundred fifty (150) kilograms of cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A). The activity from which this Count arises allegedly began on or about September 27, 1996 and continued thereafter up to and including October 12, 2004. This Count is brought against, in addition to Goff, Earl Marshall, Tico Hill, Jeff Parker, Todd Anthony Brown, Henry Rayford, Kenyatta Moreland, Clarence Parker, Tracy Marshall, and Bryant Briggs. This Count specifically alleges that Goff delivered more than ten kilograms of cocaine to Defendant Earl Marshall between about July of 1998 and March of 1999.

Goff was charged in Count Two of the Superceding Indictment for conspiring to launder money in violation of 18 U.S.C. §1956(a)(1)(B)(I).[1] The activity from which this Count arises allegedly began on a date unknown but not later than August 15, 1997, and continued up to and including March 10, 2004. This Count specifically alleges that Goff purchased a 1999 Plymouth Prowler on or about December 1, 1998, using proceeds from drug trafficking. Having set forth the relevant factual background, the analysis turns to Goff's Motions To Dismiss.

---

[1]None of the individuals charged in Count Two of the Superceding Indictment were the same as those charged in the Indictment in Case No. 3-960CR-097 except for Goff.

## MOTION TO DISMISS DUE TO DOUBLE JEOPARDY

In his first Motion To Dismiss, Goff argues that Count One of the Superceding Indictment in this case involves the same conspiracy for which he originally pled guilty in *United States v. Marin-Avila*. Therefore, according to Goff, he is being prosecuted twice for conspiracy, the same offense.

The double jeopardy clause of Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *United States v. Sinito*, 723 F.2d 1250, 1255 (6th Cir. 1984), *cert. denied*, 469 U.S. 817 (1984). Thus, the double jeopardy clause guarantees that the State is not allowed to make repeated attempts to convict an individual for an alleged offense. *Id.* (citing *United States v. Tercero*, 580 F.2d 312, 314 (8th Cir. 1978) quoting *Green v. United States*, 355 U.S. 184, 187 (1957)).

Offenses are identical where the evidence required to support conviction in one of the prosecutions is sufficient to support conviction in the other prosecution. *Id.* at 1256. Where, as here, both offenses are conspiracies, a determination of whether the government can prosecute on more than one conspiracy rests on whether there exists more than one agreement. *Id.*

In this case, both indictments are not from the same conspiracy or agreement. The first indictment in *United States v. Marin-Avila* is from an agreement involving Goff and three other named Co-Defendants in which Goff's overt act was the acceptance of a delivery of cocaine on or about September 25, 1996. The second indictment, which is the Superceding Indictment in this case, is from an agreement involving Goff and nine other named Co-Defendants, none of whom

-4-

were Co-Defendants in *United States v. Marin-Avila,* allegedly beginning September 27, 1996, in which Goff's overt act is the delivery of more than ten kilograms of cocaine to Earl Marshall between about July of 1998 and March of 1999.

The second drug trafficking conspiracy allegedly began after Goff's involvement in the first and Goff's overt act in the second is different and almost two years after his overt act in the first. Therefore, the two Indictments about which Goff complains allege conspiracies that involve two separate agreements, totally different named Co-Defendants and different time lines. Goff is not subjected to double jeopardy by the two Indictments that he has identified. This first Motion To Dismiss must, therefore, be OVERRULED.

### MOTION TO DISMISS DUE TO STATUTE OF LIMITATIONS

In his second Motion To Dismiss, Goff argues that the Superceding Indictment does not allege any overt act by him within five years of the filing of the Superceding Indictment. The Superceding Indictment charges Goff with conspiracy to distribute drugs in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A) and conspiracy to launder money in violation of 18 U.S.C. §1956(a)(1)(B)(I).

The statute of limitations for conspiracy to distribute drugs and for conspiracy to launder money is five (5) years. 18 U.S.C. §3282. To avoid the running of the statute of limitations, the Government must show that the specific conspiracy in which the Defendant was involved was on-going during the statute of limitations period. *United States v. Fantroy*, 146 Fed.Appx. 808, 2005 WL 2089841 at **7 (6th Cir. Aug. 30, 2005). If the conspiracy was ongoing, the presumption of continuity makes the alleged conspirator liable for the acts of his or her co-conspirators even if he or she did not personally act on behalf of the conspiracy during the relevant statute of limitations

period. *Id.* To prevail, the alleged conspirator must, presumably at trial, extinguish the presumption of continuity be showing that he or she affirmatively withdrew from the conspiracy before the relevant time period. *Id.*

In this case, the overt act in which Goff allegedly participated in the drug conspiracy took place between about July of 1998 and March of 1999. The Superceding Indictment was filed on December 15, 2004, which is more than five (5) years after the overt act in which Goff allegedly participated. However, the Superceding Indictment regarding the drug conspiracy alleges that the conspiracy began on or about September 27, 1996, and continued thereafter up to and including October 12, 2004. Further, Goff has not yet shown that he withdrew from this conspiracy. Therefore, the drug conspiracy indictment was brought before the five (5) year statute of limitations expired.

The overt act in which Goff allegedly participated in the conspiracy to launder money occurred on or about December 1, 1998. The Superceding Indictment was filed on December 15, 2004, which is more than five (5) years after the overt act in which Goff allegedly participated. However, the Superceding Indictment regarding a conspiracy to launder money alleges that the conspiracy began on a date unknown but not later than August 15, 1997 and continued up to and including March 10, 2004. Further, as with the drug conspiracy, Goff has not shown that he withdrew from this conspiracy. Therefore, the money laundering conspiracy indictment was brought before the five (5) year statute of limitations expired.

Both conspiracy indictments against Goff in the Superceding Indictment were brought within the five (5) year statute of limitations from the alleged ending dates of both conspiracies.

Therefore, Goff's second Motion To Dismiss due to the statute of limitations must be OVERRULED.

## MOTION TO DISMISS FOR MISUSE OF THE GRAND JURY

In his third Motion To Dismiss, Goff argues that he should be dismissed as a defendant because the Government misused the Grand Jury in indicting him. He also moves the Court for an order releasing the testimony presented to the Grand Jury after the original Indictment and before the Superceding Indictment presumably to show that the Government misused the Grand Jury in indicting him.

<u>Misuse of Grand Jury</u>

Goff alleges that the Government misused the Grand Jury because the Grand Jury, in the course of a couple of months, approved two indictments containing findings regarding Goff that directly contradict each other. (1) Goff argues that the findings are contradictory because he was charged with nothing in the original Indictment and was charged with two conspiracies in the Superceding Indictment. (2) Goff also argues that the two Indictments are contradictory because Goff was identified as part of an overt act in the original Indictment and this same overt act was not identified in the Superceding Indictment. (3) Another contradiction identified by Goff is that he was identified as a previously convicted co-conspirator in the original Indictment and was charged, but not identified as a previously convicted co-conspirator, in the Superceding Indictment. (4) Goff also argues that the two Indictments are contradictory because the Government asserted one conspiracy in the original Indictment and two conspiracies in the Superceding Indictment. (5) Finally, Goff argues that the Government misused the Grand Jury when it changed the beginning date of the alleged drug trafficking conspiracy in the Superceding Indictment from what it was in the original Indictment.

Turning first to the law, the purpose of grand juries is to assess whether there is an adequate basis for bringing a criminal charge. *United States v. Williams*, 504 U.S. 36, 51 (1992). To make this assessment, the grand jury need only hear the prosecutor's basis for making the criminal charges. *Id.*

The law does not require an examination of the judgment of a grand jury for the purpose of determining whether or not the finding was based upon sufficient proof or whether there was a deficiency in respect to any part of the complaint. *Id.* at 54. Further, an indictment may not be challenged on the ground that there was inadequate or incompetent evidence before the grand jury. *Id.*

Prosecutors, in this case the "Government," may present proposed charges to the grand jury so the grand jury may assess whether there is an adequate basis for bringing a criminal charge. The decision on what charge to present to the grand jury generally rests entirely with the prosecutor in his or her discretion so long as the prosecutor has probable cause to believe that the accused committed a crime. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Factors such as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities and the case's relationship to the Government's overall enforcement plan are not readily susceptible to judicial review. *Wayte v. United States*, 470 U.S. 598, 607-08 (1985).

(1) Turning to this case, Goff argues that he was not indicted in the original Indictment but was later indicted for two conspiracies in the Superceding Indictment. The first Indictment indicates that previously convicted co-conspirator Goff was an intended recipient of cocaine seized by Ohio State Highway Patrol Troopers on September 25, 1996. This overt act was not included in the Superceding Indictment. The first Indictment also indicates that between about

-8-

July of 1998 and March of 1999, Goff, as a previously convicted co-conspirator, delivered about ten kilograms of cocaine to named Defendant Earl Marshall and that Goff purchased a 1999 Plymouth Prowler for just over $45,000 with money allegedly obtained by means of drug trafficking.

In the Superceding Indictment, Goff was charged with conspiracy to traffic in drugs based upon the alleged overt act that Goff delivered more than ten kilograms of cocaine to Defendant Earl Marshall between about July of 1998 and March of 1999. This is one of the same overt acts alleged in the original Indictment but now the Grand Jury has decided to indict Goff for conspiracy to traffic in drugs based upon actions that occurred after the charge to which he earlier pled guilty in *USA v. Marin-Avila*.

Goff was also charged with conspiracy to launder money in the Superceding Indictment based upon the overt act that he purchased a 1999 Plymouth Prowler for just over $45,000 with money allegedly obtained by means of drug trafficking. Goff was charged in the Superceding Indictment with conspiracy to launder money based upon the same overt act indicated in the original Indictment, an overt act which occurred after the charge to which he earlier pled guilty in *USA v. Marin-Avila.* This is the same overt act as alleged in the original Indictment but now the Grand Jury has decided to indict Goff for conspiracy to launder money and these charges are based upon actions that occurred after the charge to which he earlier pled guilty in *USA v. Marin-Avila*.

The Government has said that it obtained no new evidence regarding Goff between the original Indictment and the Superceding Indictment but that it continued to re-evaluate the evidence, legal issues and policy considerations regarding the ongoing investigation and decided

to seek charges in the Superceding Indictment that Goff participated in the two conspiracies. This reevaluation is permitted by the law and does not give rise to misuse of the Grand Jury. *See Bordenkircher*, 434 U.S. at 364; *Wayte*, 470 U.S. at 607-08.

(2) Goff next alleges that the two Indictments are contradictory because he was identified as part of an overt act in the original Indictment and this same overt act was not identified in the Superceding Indictment. Again, when the Government decided to seek charges against Goff, it apparently decided not to include overt acts for which Goff had already pled guilty and been sentenced. This reevaluation is also permitted by the law and does not give rise to misuse of the Grand Jury.

(3) Goff next argues that he was identified as a previously convicted co-conspirator in the original Indictment and was not identified as such in the Superceding Indictment. Presumably, this was because the overt act to which he pled in *USA v. Marin-Avila* was not included in the Superceding Indictment and, therefore, with regard to the charges in the Superceding Indictment, Goff was allegedly no longer a previously convicted co-conspirator.

The decision on what charge to present to the grand jury generally rests entirely with the prosecutor in his or her discretion so long as the prosecutor has probable cause to believe that the accused committed a crime. In this case, it is not illegal for the Government to identify Goff as a previously convicted co-conspirator in the original Indictment and not identify him as such in the Superceding Indictment, particularly when the relative overt act identified in the original Indictment is not included in the Superceding Indictment.

(4) Goff's next argument regarding misuse of the Grand Jury is that the Government asserted one conspiracy in the original Indictment and two conspiracies in the Superceding Indictment. However, this argument also is not well-founded.

The overt acts allegedly committed by Goff to join him in both of the conspiracies identified in the Superceding Indictment are stated in the original Indictment so, although one overt act is dropped, there are no new overt acts regarding Goff from the original to the Superceding Indictment. Also, the Government has discretion to modify the allegations it presents to the grand jury so long as the Government has probable cause to believe that the accused committed a crime. As with Goff's previous allegations, this reevaluation is permitted by the law and does not give rise to misuse of the Grand Jury.

(5) Goff's final argument is that the date on which the drug trafficking conspiracy began in the original Indictment was in or about 1992 and this "beginning" date was changed to September 27, 1996, in the Superceding Indictment. This statement of the facts is true and Goff now argues that it was misuse of the Grand Jury because, "the Government had to get the Grand Jury to call what was black in October [the original Indictment] white in December [the Superceding Indictment]." However, as indicated above, the Government has discretion to decide what charge to present based upon the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities and the case's relationship to the Government's overall enforcement plan. Here, it appears that the Government elected not to include the conspiracy involving the overt act that Goff committed on September 25, 1996 and for which he was a previously convicted co-conspirator in the Superceding Indictment and it is not misuse of the Grand Jury to do so.

On a related issue, Goff alleges that the Government intends to use evidence regarding the overt act that was identified in the original Indictment and dropped from the Superceding Indictment. If this happens and Goff has reason to object, he may do so at the appropriate time.

Goff also argues regarding misuse of the Grand Jury that he has been in jail since early 1999 and the statute of limitations bans the prosecution for the substantive acts. However, this is a misstatement of the law. As indicated above, a determination of the statute of limitations regarding conspiracies is based upon when the conspiracy terminated or if and when the defendant shows that he affirmatively withdrew from the conspiracy. Goff has presented no argument or evidence that he withdrew from these conspiracies. Also, the overt act in which Goff allegedly participated in the drug conspiracy took place between about July of 1998 and March of 1999, before he was incarcerated, and the overt act in which Goff allegedly participated regarding the conspiracy to launder money occurred on or about December 1, 1998, before he was incarcerated.

Goff has not shown that the Grand Jury was misused in accordance with the law. The analysis now turns to Goff's request to release a limited amount of Grand Jury testimony.

<u>Release of Grand Jury Testimony</u>

The grand jury's role is to both determine if there is probable cause to believe that a crime has been committed and to protect citizens against unfounded criminal prosecutions. *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991), *cert. denied*, 502 U.S. 958 (1991). Because of its role, the grand jury is vested with extraordinary investigatory powers not otherwise constitutionally permissible. *Id.*

The principle of grand jury secrecy has long been followed to ensure the grand jury access to full and frank disclosures and to protect the innocent from grand jury abuse. *Id.* Grand jury

-12-

secrecy is not, however, absolute. *Id.* Federal Rule of Criminal Procedure 6(e)(3)(E) authorizes five exceptions that a court may make to the principle of grand jury secrecy. *Id.* Only one of those exceptions is relevant here. That exception is that the court may authorize disclosure of a grand-jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed.R.Crim.P. 6(e)(3)(E)(ii)[2].

The party seeking release of grand jury proceedings has the burden to demonstrate that the need for disclosure. *Id.* at 489. Further, because of the strong policy in favor of maintaining the secrecy of grand jury proceedings, the grounds for disclosure of the proceedings must be demonstrated with particularity and reflect a narrowly tailored and compelling need. *Id.* Finally, good cause for releasing grand jury transcripts exist only if it is shown that criminal procedure is subverted. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 684 (1958).

In addition to the strong policy in favor of grand jury secrecy, an indictment by a grand jury is given a presumption of regularity. *United States v. Smith*, Case No. 02-20380 BV, 2004 WL 784521 at *3 (W.D.Tenn. Jan. 26, 2004)(citing *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986)). Speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material. *Id.* (citing *United States v. Hart*, 513 F.Supp. 657, 658 (E.D.Pa. 1981)).

Turning to the issue at hand, Goff has not shown with particularity that criminal procedure was subverted or that the Superceding Indictment was irregular. All of his allegations of misuse have been addressed above and none have been shown to be outside of the discretion of the prosecutor or otherwise illegal.

---

[2]Goff refers to this Rule in his Motion To Dismiss as Fed.R.Crim.P. (6)(3)(C)(ii).

Goff has not shown any reason why the charges against him in the Superceding Indictment should be dismissed nor has he demonstrated a particularized need for disclosure of the Grand Jury testimony. Goff's third Motion To Dismiss based upon misuse of the Grand Jury and for limited Grand Jury testimony is, therefore, OVERRULED.

### SUMMARY

Goff's Motion To Dismiss due to double jeopardy is OVERRULED because the two indictments that Goff claims create the double jeopardy allege conspiracies that involve two separate agreements. Goff's Motion To Dismiss due to the statute of limitations is OVERRULED because the two conspiracy charges against him found in the Superceding Indictment were brought within the five (5) year statute of limitations. Finally, Goff's Motion To Dismiss for misuse of the Grand Jury and for the release of limited Grand Jury testimony is OVERRULED because Goff has not shown the possibility of misuse of the Grand Jury and has not shown a particularized need for disclosure of the Grand Jury testimony. The charges against Goff in the Superceding Indictment remain to be adjudicated.

**DONE** and **ORDERED** in Dayton, Ohio on this Twentieth day of February, 2006.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Charles Goff, Jr.

-14-