**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

                **Plaintiff,**

-vs-                                                    **Case No. 3: 04-cr-140 (14)**

**CHARLES GOFF, JR.**

                **Defendant.**

---

**ENTRY AND ORDER OVERRULING DEFENDANT'S MOTION FOR NEW TRIAL AND ACQUITTAL (DOC. #611) SETTING THE MATTER FOR DISPOSITION**

---

      This matter comes before the Court pursuant to Defendant's Motion for New Trial and Judgment of Acquittal (Doc. #611) filed on February 15, 2007.

      The Defendant asserts that he is entitled to a Judgment of Acquittal pursuant to Criminal Rule 29(c) because the Government failed to prove the essential elements of Defendant's involvement in the drug activity and conspiracy of Earl Marshall due to conflicting evidence and testimony and because the Government failed to prove that the Defendant was involved in any conspiracy within five (5) years of his indictment. He also asserts that under Criminal Rule 33, the Court should grant Defendant a new trial "because of the nature of the Government's proof and because Defendant stood trial on an indictment that rested not on an evaluation of the Grand Jury but on a prosecution."

      As to Defendant's Motion for Judgment of Acquittal under Criminal Rule 29, that Motion must be considered by the Court reviewing the evidence in the light most favorable to the Government and affirming the jury's verdict unless no rational triers of fact could have found, beyond a reasonable doubt, that the Defendant committed the offense charged. The Court previously denied Defendant's Motion for Judgment of Acquittal during the trial, after considering arguments essentially the same as he now asserts in his motions.

As before, the Defendant again argues that the Government's case was based upon testimony of co-conspirators, Earl Marshall, Todd Anthony Brown, Tico Hill, Marion Scott and Valerie Fenton, all of which was inconsistent and void of credibility.

Although this Court does agree that a significant portion of the Government's case was through the testimony of indicted and unindicted co-conspirators, the Government also presented testimony from other witnesses including  DEA agents, bank officials, car dealers/salesmen as well as auto auction representatives.  The Government also presented  evidence in the form of documents, photos, videos, forensic evidence and stipulated testimony.  After considering the evidence presented at trial, there is no doubt that at least three of the witnesses did directly link the Defendant to the alleged drug conspiracies.  Although the Defendant attempts to impeach that testimony with allegations of inconsistencies and lack of credibility a significant portion of the evidence presented did point to the Defendant's involvement in alleged conspiracies in existence both before and after his September, 1996 arrest.  Even in the Defendant's argument contained in his motions, he acknowledges at least three of the witnesses linked the Defendant to the conspiracy activity both before and after September, 1996.

Counsel for Defendant spends a significant portion of his argument detailing what testimony and evidence was presented by the Government through these witnesses and points out to the Court, as he previously argued, perceived numerous inconsistencies in the testimony and equates those inconsistencies with credibility and the weight of the evidence.

Although the Court understands that Defendant believes that the testimony of these witnesses and the evidence presented was inconsistent and void of credibility, it is the province of the jury to determine credibility of witnesses and the weight of their testimony.  *United States v. Beverly*, 369 F.3d 516 (6th Cir 2004).

The Court in consideration of the Defendant's Motion must determine if after reviewing the evidence in a light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Beverly*, 369 F.3d 516 (6th Cir. 2004).

As to the Defendant's renewed Motions to Dismiss on the grounds of prosecutorial abuse of the grand jury process and the running of the applicable statute of limitations, this Court, after considering the evidence presented at trial, would reject the Defendant's arguments

that are identical to those previously asserted and denied in this Court's previous decision (Doc. #357) during trial.

The government is required to show, at trial, that a specific conspiracy in which the Defendant was involved was ongoing during the statute of limitations period. *United States v. Fantroy*, 146 Fed.Appx. 808, 2005 WL 2089841 at **7 (6th Cir Aug. 30, 2005). If the government presents evidence of an ongoing conspiracy, a presumption of continuity can be created which can only be extinguished by a showing by the Defendant that he affirmatively withdrew from the conspiracy before the relevant time period.

The government presented evidence of an alleged drug conspiracy from about September 27, 1996 through October 12, 2004 and an conspiracy to launder money from August 15, 1997 through March 10, 2004. Evidence also was presented that Goff participated in the drug conspiracy from approximately July of 1988 through March 1999 and the conspiracy to launder money from on or about August 15, 1997 through March 10, 2004. Goff attempted to show he withdrew from these conspiracies. Again, these determinations must be and were made by the jury.

Defendant has not shown with any particularity that the criminal procedure in this case was subverted or that the superceding indictment was irregular.

Considering all the evidence presented at trial in a light most favorable to the Government, this Court cannot find that no rational trier of fact could have found, beyond a reasonable doubt, that the Defendant committed the offense as charged and, therefore, would deny the Defendant's Motion for Judgment of Acquittal, pursuant to Federal Rule of Criminal Procedure 29, affirming the jury's verdict.

As to the Defendant's Motion for New Trial under Federal Rule of Criminal Procedure 33 and again considering the evidence presented at trial this Court also does not conclude that there is strong doubt as to the Defendant's guilt, that the jury's verdict is contrary to the weight of the evidence that was presented and that a miscarriage of justice resulted. The Court, in this case, does not grant a new trial.

Defendant's Motions are DENIED in their entirety.

The Court sets this matter for **disposition** on the **9th day of November, 2007 at 1:30 PM.** IT IS SO ORDERED.

October 16, 2007                                     **s/THOMAS M. ROSE**

                                            _____
                                                        THOMAS M. ROSE
                                                UNITED STATES DISTRICT JUDGE