**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America,**

        *Plaintiff*,

v.                                             **Case No.  3:04-cr-140 (14)**
                                                      **Judge Thomas M. Rose**

**Earl Marshal,** *et al.*,

        *Defendants.*

---

**ENTRY AND ORDER DENYING CHARLES GOFF JR.'S MOTION FOR NEW TRIAL BECAUSE OF NEWLY DISCOVERED EVIDENCE, DOC. 679, AND SETTING SENTENCING DATE.**

---

Pending before the Court is Defendant Charles Goff Jr.'s Motion for New Trial Because of Newly Discovered Evidence.  Doc. 679.  While Defendant's motion invokes Federal Rule of Criminal Procedure 32(b)(1), that rule states, "The court must impose sentence without unnecessary delay."  Motions for new trial are governed by Rule 33.

The standard governing motions for new trial under Rule 33 in the Sixth Circuit is well established:

> Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution. *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000). The defendant bears the burden of proving that a new trial should be granted for newly discovered evidence. *United States v. Pierce*, 62 F.3d 818, 824 (6th Cir. 1995). When a defendant makes a motion for a new trial based upon newly discovered evidence, he must show that the evidence: 1) was discovered after the trial; 2) could not have been discovered earlier with due diligence; 3) is material and not merely cumulative or impeaching; and 4) would likely produce an acquittal if the case

>was retried. *Turns*, 198 F.3d at 586-87. However, when the motion for a new trial is based on the recantation of a material government witness, the motion should be granted only if: 1) the court is reasonably well satisfied that the trial testimony given by the material witness is false; 2) without the false testimony, the jury might have reached a different conclusion; and 3) the party seeking the new trial was taken by surprise when the false testimony was given, and was unable to meet it or did not know of its falsity until after the trial. *United States v. Willis*, 257 F.3d 636, 642-43 (6th Cir. 2001).

*United States v. Coker*, 23 Fed. Appx. 411, 412 (6th Cir. 2001).

In the instant case, Defendant demands a new trial on the basis of a pamphlet entitled "Snitch Niggaz" published by one of a co-defendant who was a witnesses in his trial. According to Defendant, Government witness Earl Marshall reveals in this book a willingness to "do what it takes to minimize his time in jail." Moreover, according to Defendant Charles Goff, the book gives yet another version of the Goff-Marshall relationship, one that makes little mention of Goff's role in the conspiracy.

The Court is not convinced that the trial testimony given by Marshall is false. Having observed Marshall's testimony at trial and reviewed his book, a hearing is not necessary to make this determination. Moreover, the Court finds that the jury would have reached the same result even without the challenged evidence. Because the factors governing a motion for a new trial based upon newly discovered evidence weigh against Defendant, Defendant's motion is **DENIED**. Defendant Charles Goff will be sentenced on September 5, 2008 at 2:00 p.m.

**DONE** and **ORDERED** in Dayton, Ohio, Monday, August 4, 2008.

 s/Thomas M. Rose

 _____
 THOMAS M. ROSE
 UNITED STATES DISTRICT JUDGE