# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:04-cr-140
                                     (Also 3:14-cv-189)

                                     District Judge Thomas M. Rose
   - vs -                         Magistrate Judge Michael R. Merz

CHARLES E. GOFF, JR.,

        Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

       Defendant Charles Goff has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 788). The case is before the Court for initial review under Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

At the Dayton location of court, all collateral attacks on criminal judgments are automatically referred to the undersigned Magistrate Judge.

1

Goff asserts that his mandatory minimum sentence was enhanced pursuant to 21 U.S.C. § 851 upon proof to the Court by a preponderance of the evidence, rather than upon proof to the jury beyond a reasonable doubt. He claims this violates the holding of the United States Supreme Court in *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), overruling *Harris v. United States,* 536 U.S. 545 (2002).

The record shows that on September 27, 2006, the United States filed an Information under 21 U.S.C. § 851 charging that Goff had previously been convicted in this Court of conspiracy to distribute and possession with intent to distribute cocaine in Case No. 3:96-cr-97(4)(Doc. No. 523). In the Verdicts returned by the jury, there is no finding of the prior offense.

21 U.S.C. § 841(b) provides a penalty of not less than ten years imprisonment for possession with intent to distribute in excess of five kilograms of cocaine which is enhanced to a mandatory minimum of twenty years for a defendant who has a final prior conviction for a felony drug offense. The same statute provides a mandatory minimum sentence of five years for possession with intent to distribute one hundred kilograms or more of marijuana which is enhanced to a mandatory minimum of ten years for a defendant who has a final prior conviction for a felony drug offense. Goff's mandatory minimum sentence for the two drug offenses of which he was convicted in this case was thus enhanced from fifteen to thirty years by his prior felony drug conviction in this Court.

21 U.S.C. § 851 prohibits imposition of the enhanced mandatory minimum sentences unless the United States Attorney files an Information detailing the prior conviction on which he intends to rely. Goff does not deny that the Information filed in this case complies with § 851.

Section 851(c) provides that a defendant who denies any allegation in an Information filed under that section must file a written response. Thereupon the court, sitting without a jury, is to hold a hearing at which the United States must prove the relevant facts beyond a reasonable doubt. The statute further provides: "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." The record in this case does not show that Goff ever filed a written response to the Information and thus he has waived his claim by virtue of the statute.

Furthermore, the Sixth Circuit has held *Alleyne, supra,* does not undermine the *Almendarez-Torres*[1] exception to *Apprendi* for proof of a prior conviction. *See United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013); *United States v. Lucas*, 542 Fed. Appx. 510 (6th Cir. 2013); Unite*d States v. Wynn,* 531 Fed. Appx. 596 (6th Cir. 2013).

Finally, this Court has previously held, following the Sixth Circuit, that *Alleyne* does not apply to cases which became final before it was handed down:

> The Sixth Circuit Court of Appeals has held that *Alleyne* does not apply to cases which became final before it was handed down. *Rogers v. United States*, Fed. Appx., 2014 U.S. App. LEXIS 6060, 2014 WL 1272121 at *3 (6th Cir. 2014). Other circuits have reached the same conclusion. *United States v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013); *United States v. Winkelman*, F. 3d , 2014 U.S. App. LEXIS 5525, 2014 WL 1228194 at *2 (3rd Cir. 2014); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Similarly, the Fourth Circuit has mentioned that *Alleyne* has not been made retroactively applicable to cases on collateral review in *United States v. Stewart*, 540 Fed. Appx. 171, 172 (2013).

---

[1] *Almendarez-Torres v. United States,* 523 U.S. 224 (1998).

*United States v. James-Sims,* 2014 U.S. Dist. LEXIS 50467 (S.D. Ohio 2014)

Accordingly, Goff's Motion to Vacate should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

June 17, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).