UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| United States of America, : | |
| : | |
| Plaintiff, : | Case No. 3:04-cr-140 (14) |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| Charles E. Goff Jr., : | |
| : | |
| Defendant. : | |

**ENTRY AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE (DOC. 812, 819).**

Pending before the Court is Defendant's Second Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 812). Counsel for Defendant has filed a supplemental motion. (Doc. 819). The Court will deny the motion for the reasons stated in the Court's ruling, (doc. 810), on Defendant's first motion. (Doc. 809).

The foremost changes in Defendant Charles E. Goff Jr.'s situation since the Court denied his last request for compassionate release are that he has been released to home confinement and that members of his family are in greater need of assistance that he can provide. Defendant lives with his disabled mother and is now vaccinated.

Defendant's primary concern is a fear that he will be returned to prison after the COVID pandemic is over, as the Department of Justice had decided at one point last year. PageID 6092, (citing https://thehill.com/homenews/administration/ 563870-criminal-justice-advocates-

criticize-report-biden-administration-is). The Department of Justice, however, has reversed this decision. *Discretion to Continue the Home-Confinement Placements of Federal Prisoners After the COVID-19 Emergency*, https://www.documentcloud.org/documents/21165965-2021-12-21-home-confinement.

Defendant also asserts that he has been sufficiently deterred by the 22 years he has served, as has been shown by his good behavior in prison and on house arrest. Here, Defendant fails to understand the full meaning of deterrence. "[T]he need to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), "includes two components—specific deterrence and general deterrence. Specific deterrence looks to dissuade an individual defendant from committing future crimes, while general deterrence aims to have the same effect on 'the population at large.'" *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). "Consideration of general deterrence is particularly important where the district court varies substantially [downward] from the Guidelines." *United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014). See also *United States v. Boucher*, 937 F.3d 702, 710 (6th Cir. 2019). General deterrence demands a serious sentence for someone who continued to operate a narcotics distribution conspiracy even after having been arrested and detained for doing the same crime.

Defendant is correct that in determining compassionate release requests, courts are not bound by U.S.S.B. § 1B1.13, because it is not an applicable policy statement when an imprisoned person files a motion for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). While Defendant's successes in reforming himself and abiding by the conditions of home confinement are commendable, the Court's previous analysis under 18 U.S.C. § 3582(c)(1)(A), still counsels against granting relief.

Thus, the Court **DENIES** Defendant's Second Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 812, 819).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 5, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE